**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Stacey Mottram and Darrin Mottram

    v.                                Civil No. 16-cv-546-PB

Wells Fargo Bank, N.A.


### REPORT AND RECOMMENDATION

Before the court is the pro se plaintiffs' request for a preliminary injunction, asserted in their complaint (Doc. No. 1). The request has been referred to the undersigned magistrate judge for a report and recommendation. See Jan. 5, 2017 Order (Doc. No. 2). Plaintiffs requested a preliminary injunction enjoining defendant Wells Fargo from taking any further action to foreclose on their mortgage, and from holding a foreclosure sale and auctioning their home, until Wells Fargo has completed the loan modification process to modify the home loan at issue.


### Discussion

### I.   Preliminary Injunction Standard

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). The likelihood

of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("'[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered'" (citation omitted)).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'"  Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted).  The parties have had such an opportunity to date, and an additional opportunity is provided by the objection period as to this Report and Recommendation.

## II.  **Irreparable Harm**

"Irreparable harm most often exists where a party has no adequate remedy at law."  Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).

"A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."  Id.

The mortgage and note at issue were signed by Darrin Mottram only.  See Note (Doc. No. 8-2, at 3); Mortgage (Doc. No. 8-3, at 9).  Plaintiff Stacey Mottram is not a signatory to either of those instruments.  Darrin Mottram has filed for bankruptcy under Chapter 13, and that case is currently pending as In re Mottram, No. 17-10207-BAH (Bankr. D.N.H.) ("Bankruptcy Petition").  See generally Doc. No. 11.

Defendant Wells Fargo has filed a status report in this case (Doc. No. 12), stating that the February 24, 2017 foreclosure auction was cancelled in light of the automatic stay.  Defendant further reported that it has no information to report to this court regarding the likelihood of an auction occurring while the bankruptcy proceeding is pending.

This court's review of PACER indicates that the Bankruptcy Petition remains pending at this time, and that the bankruptcy trustee has moved to dismiss that petition and to bar Darrin Mottram from refiling any Chapter 13 petition for up to two years.  See Mot. to Dismiss & Proscribe Further Filings, Bankruptcy Petition (Bankr. D.N.H., filed Feb. 24, 2017) (ECF No. 11).  The trustee's motion includes a notice of a hearing on the motion to dismiss, scheduled for April 14, 2017.

Under such circumstances, in light of the automatic stay, plaintiffs cannot show at this time that irreparable harm is likely to occur prior to the resolution of the bankruptcy petition.  Accordingly, the district judge should deny plaintiffs' request for a preliminary injunction, without prejudice to plaintiffs' ability to file a motion for a preliminary injunction in this case after the bankruptcy proceeding ends, or at such other time as plaintiffs become aware of any present risk of irreparable harm to their interests, in the absence of an injunction.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

March 10, 2017

cc:  Stacey Mottram, pro se
     Darrin Mottram, pro se
     J. Patrick Kennedy, Esq.